■ B.D. Estate Planning Corp., Respondent, v Marcy Trachtenberg, as Trustee of the Ellis Limquee Family Insurance Trust, Defendant, and Carolyn Limquee, Appellant. [22 NYS3d 202]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 16, 2015, which denied defendant Carolyn Limquee's motion to amend her answer to plead five additional affirmative defenses, unanimously modified, on the law and the facts, to grant leave to amend the answer to plead the proposed fourth, seventh, and eighth affirmative defenses, and otherwise affirmed, without costs.

The record reflects that plaintiff's sole owner, principal and employee was convicted, after a jury trial, of conspiracy to commit mail and wire fraud, and substantive mail fraud and substantive wire fraud in connection with a scheme to defraud insurance companies. Nevertheless, plaintiff seeks to enforce

the provisions of a promissory note providing that it receive 50% of the death benefits payable under a policy on the life of Limquee's late husband. The record indicates that this policy may have been part of the scheme to defraud that resulted in the criminal conviction of plaintiff's principal.

As the Court of Appeals stated in *McConnell v Commonwealth Pictures Corp.* (7 NY2d 465, 469 [1960]), "[P]ublic policy closes the doors of our courts to those who sue to collect the rewards of corruption." The court improperly denied Limquee leave to amend her answer to assert the affirmative defenses of "bribery and corruption" and recovery of fruits of crimes barred. Although the promissory note at issue is not illegal on its face, Limquee demonstrated prima facie that there was a direct connection between the scheme to defraud of plaintiff's principal and the promissory note plaintiff seeks to enforce, and that the scheme was more than a "small illegality" (*see McConnell*, 7 NY2d at 471). Although it appears that Limquee may have benefitted from the scheme, the court should not intervene to enable the wrongdoer to obtain additional fruits of its crime.

The proposed eighth affirmative defense of in pari delicto was also permissible as an alternative or hypothetical pleading (*see* CPLR 3014; *Finkelstein v Warner Music Group Inc.*, 14 AD3d 415 [1st Dept 2005]).

The remaining proposed affirmative defenses were defective in that Limquee was unable to demonstrate that she was damaged by the conduct alleged, as the court noted. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ. ■