■ B.D. Estate Planning Corp., Respondent, v Marcy Trachtenberg, as Trustee of the Ellis Limquee Family Insurance Trust, Defendant, and Carolyn Limquee, Appellant. [53 NYS3d 26]—

Orders, New York County (Shirley Werner Kornreich, J.), entered October 28, 2016, which, to the extent appealed from as limited by the briefs, denied defendant Carolyn Limquee's motion for summary judgment dismissing the complaint as against her on the ground of the affirmative defense of recovery of fruits of the crimes barred, granted plaintiff's motion for summary judgment dismissing defendant's affirmative defense of bribery and corruption, and granted plaintiff's motion to confirm a referee's report and hold defendant in civil contempt, unanimously affirmed, without costs.

Summary dismissal of the complaint as against defendant Limquee is not mandated by the doctrine of law of the case. In a prior appeal, this Court granted defendant leave to amend her answer to plead the affirmative defense of recovery of fruits of crimes barred, finding that the record indicated that the insurance policy at issue "may have been part of the scheme to defraud that resulted in the criminal conviction of plaintiff's principal" (*B.D. Estate Planning Corp. v Trachtenberg*, 134 AD3d 650, 651 [1st Dept 2015]). In her motion for summary judgment, defendant failed to establish prima facie that the insurance policy at issue actually was part of the scheme to defraud. The materials she submitted from the federal criminal sentencing proceedings against plaintiff's principal demonstrate that the federal government neither charged plaintiff's principal with fraud in procuring the subject policy nor presented any proof of such fraud at trial, and defendant submitted no other evidence of such fraud. Since, contrary to defendant's contention, the issue whether the subject policy was

procured by fraud was not litigated in the federal action, it is not barred by the doctrine of collateral estoppel (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]).

We perceive no basis for disturbing the motion court's finding of civil contempt (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]). The record demonstrates that defendant knowingly disobeyed a court order directing her not to invade the corpus of the trust during the pendency of this action.

The court correctly dismissed defendant's unsupported defense of bribery and corruption.

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.